UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ELIO CALDERON AGUILAR,

      Petitioner,                         Case No. 1:25-cv-1439

v.                                          Honorable Paul L. Maloney

ANGELA DUNBAR et al.,

      Respondents.
_____/

**ORDER**

Petitioner Elio Calderon Aguilar initiated this action on September 8, 2025, by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Michigan. (Pet., ECF No. 1.) Petitioner is a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan.

Petitioner, through counsel, filed an amended § 2241 petition (Am. Pet., ECF No. 10) on September 15, 2025. Respondents filed their response (ECF No. 13) on September 25, 2025, and filed supplemental exhibits (ECF No. 18) to their response on October 29, 2025. Petitioner filed a reply (ECF No. 15) on October 8, 2025. On October 30, 2025, the Eastern District of Michigan conducted a show cause hearing. Subsequently, in an opinion and order (ECF No. 20) entered on November 14, 2025, the Eastern District of Michigan transferred the amended § 2241 petition to this Court for further proceedings.

In an opinion and judgment (ECF Nos. 25, 26) entered on November 24, 2025, this Court denied Petitioner's amended § 2241 petition. The Court first noted that Respondents had authority pursuant to 8 U.S.C. § 1231 to detain Petitioner pursuant to Petitioner's reinstated order of

removal. (Op., ECF No. 25, PageID.17 (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021).) The Court noted further that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." (*Id.*, PageID.18 n.1 (citing *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022).) In any event, the Court concluded, Petitioner could not raise a plausible Fifth Amendment due process challenge to his detention at this time because the six-month presumptively reasonable period of detention pursuant to § 1231 that was approved by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), had only began to run as of November 19, 2025.

This matter is presently before the Court pursuant to Petitioner's motion for reconsideration. (ECF No. 28.) Petitioner seeks reconsideration of the Court's opinion and judgment pursuant to Local Rule 7.4(a). That local rule provides that "motions for reconsideration which merely present the same issues ruled upon by the court shall not be granted. *See* W.D. Mich. LCivR 7.4(a). Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the court and the parties have been misled . . . [and] that a different disposition of the case must result from a correction thereof." *Id.*

Here, Petitioner merely raises the same arguments that he did in his amended § 2241 petition. Petitioner contends that he "has now been detained for over 90 days, with no scheduled removal, no pending immigration proceedings, and no meaningful Post-Order Custody Review. ICE has offered no evidence that removal is reasonably foreseeable." (ECF No. 28, PageID.24.) As set forth above, however, Petitioner cannot proceed upon his Fifth Amendment due process claim under *Zadvydas* at this time, and during the 6-month presumptively reasonable period of

2

detention, Respondents are not required to present evidence that removal is reasonably foreseeable. Moreover, while the Court recognizes that Petitioner asserts that there are no hearings scheduled in his immigration proceedings before the immigration court, Petitioner provides no reason why he, through counsel, could not request a custody review by ICE itself.

In sum, Petitioner provides no reason to warrant reconsideration of the Court's opinion and judgment denying his amended § 2241 petition. Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (ECF No. 28) is **DENIED**.

Dated:   December 10, 2025                           /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge